Cuma, per
Johnson, J.
The settled rule is that the replication must not depart from the allegations set out in the declaration in any material matter, and the reason given for it is, that if parties were permitted to wander from fact to fact, and to supply a new cause of action as often as the defendant should interpose a legal bar to that which the plaintiff first set out, it would lead to endless *95 prolixity, and it would evqn be possible by this means to prevent them from ever coming to issue. Without inquiring for a further illustration of the rule, it will be sufficient to remark, that it has been frequently applied to the precise question under consideration, and it has been repeatedly decided that such a replication is a departure. 1 Chitty Pl. 618-9; 2 Ld. Ray. 1101; 6 Mad. 309; 1 Salk. 28; 3 East. 409; 5 Binney 576. The demurrer ought therefore to have been sustained. It would appear from the evidence however, that the merits of the case is with the plaintiff, and for that reason the court will order a new trial, and give the plaintiff leave to amend his declaration by adding a count on the promise made to the plaintiff as administrator.
As the case stood on the record in the court below, it was literally proved on the trial, and for that reason the motion for a nonsuit cannot prevail. But connected with this ground the question arises, whether the declaration of the defendant, “ I have paid the money, but if I cannot show that I have paid it, I will not plead the statute,” would be sufficient under a proper state of the pleadings to take the case out of the statute of limitations ?
The cases on this subject have all been collected in the case of Burden vs. M’Elhanney, 2 Nott & M’Cord 60 ; from which it appears, that if there is any acknowledgment of a subsisting debt, or admission that the accounts between the parties are unsettled, it will be sufficient to take the case out of the statute. The case of Freeman vs. Fenton, Cooper 584, bears a striking resemblance to the present case: “then prove your debt and I will pay it;” u I am ready to account, but nothing is due,” were held sufficient. In this case the declaration “ I have paid the money,” would unconnected with the subsequent words, seem to exclude the idea of the acknowledgment of a subsisting debt or a promise to pay. but connected with the *96 concluding words of the sentence it is evidently put on the footing to pay if he failed to prove the payment. It was therefore a promise to pay on that condition, and having failed to prove it the liability attached.
New trial granted, and leave given to plaintiff to amend his declaration by adding a count,